Filed 9/1/15  P. v. Sims CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL OSHEA SIMS,<br><br>    Defendant and Appellant. | B262093<br><br>(Los Angeles County<br>Super. Ct. No. NA093791) |

APPEAL from an order of the Superior Court of Los Angeles County, James Otto, Judge.  Affirmed.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A jury convicted Michael Oshea Sims of second degree robbery (Pen. Code, § 211)[1] after he stole merchandise from a market and threatened a theft prevention officer with what appeared to be a gun. In a bifurcated proceeding the trial court found Sims had suffered one prior serious or violent felony conviction within the meaning of section 667, subdivision (a), and the three strikes law (§§ 667, subds (b)-(i), 1170.12) and had served three separate prison terms for felonies (§ 667.5, subd. (b)). The court sentenced Sims to an aggregate state prison term of 14 years. We affirmed the judgment on appeal. (*People v. Sims* (May 12, 2014, B248586) [nonpub. opn.].)

On November 17, 2014 Sims filed a petition seeking resentencing under Proposition 47, the Safe Neighborhood and Schools Act (§ 1170.18). The trial court denied the petition in December 2014, finding Sims was not eligible for resentencing under Proposition 47. Sims filed a timely notice of appeal.

We appointed counsel to represent Sims on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On April 30, 2015 we advised Sims he had 30 days within which to submit any contentions or issues he wished us to consider. We have received no response.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) To this end, "Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)" (*Ibid.*) Sims's conviction for robbery is not within the scope of Proposition 47.

---

[1]    Statutory references are to this code unless otherwise indicated.

We have examined the entire record and are satisfied Sims's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The order is affirmed.


PERLUSS, P. J.


We concur:


ZELON, J.


SEGAL, J.